# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

F. MICHAEL CREUSERE,

    Plaintiff,

vs.                                                 No. CIV 97-0098 LH/DJS

SUSANNA MURPHY, JOHN MURPHY,
GARNETT E. TWYMAN, MICHAEL
DORAME, DONALD MENDONCA,
MANUEL RODRIGUES, GODFREY
CORDOVA, DAVE SHEPPARD,
REGINALD TORTILLA, ROBERT SAINZ,
BOBBY MONTOYA, TULAROSA BOARD
OF EDUCATION, HENRY COUNTY
BOARD OF EDUCATION, ALL
UNNAMED PERSONS, RONALD
GEISHEIMER, ROBERT CERNY, and
PAM MILLER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Default (Docket No. 9) filed September 16, 1997, Plaintiff's Motion for Default and Judgment on the Pleadings (Docket No. 59-1, 2) filed July 13, 1998, and Defendant Susanna Murphy's Motion to Dismiss (Docket No. 14) filed October 17, 1997. The Court, having considered the pleadings submitted by the parties, the applicable law, and otherwise being fully advised, finds that the motions are not well taken and will be **denied.**

### PLAINTIFF'S MOTION FOR DEFAULT AGAINST DEFENDANTS JOHN MURPHY AND SUSANNA MURPHY PURSUANT TO FED. R. CIV. P. 55 (A) & (B) AND DEFENDANT SUSANNA MURPHY'S MOTION TO DISMISS

Plaintiff originally filed his Complaint on January 28, 1997. On May 23, 1997, Judge Martha Vazquez granted Plaintiff's Motion to enlarge the amount of time to complete service of process. (*See* Order of May 23, 1997.) On July 24, 1997, Plaintiff again motioned the court to enlarge the amount of time for service of process. Judge Vazquez granted that motion. (*See* Order of July 28, 1997.) Plaintiff was then able to serve Defendants Susanna Murphy and John Murphy by August 21, 1997, within the Court enlarged time limit. On August 10, 1997 Defendant Susanna Murphy submitted a motion to dismiss based upon Rule 4(m) of the Federal Rules of Civil Procedure. This rule requires service within 120 days of the filing of an initial complaint. Defendant acknowledges that she was unaware of the court orders enlarging the time for service of process. (*See generally* Def. Resp.) Meanwhile, Plaintiff, unaware that Defendant Susanna Murphy filed the Motion to Dismiss, filed a Motion for Default against Defendants Susanna and John Murphy for failing to respond.

John Murphy is named in Plaintiff's Complaint in his individual capacity and as a co-conspirator of his wife Susanna Murphy. Plaintiff's only reference to this alleged conspiracy is in Paragraph 39 of his complaint. In that paragraph the Plaintiff alleges that "[o]n August 7, 1995, Defendants Susanna Murphy, John Murphy, and Garnett E. Twyman entered into a conspiracy to file false and erroneous criminal charges..." (*See* Pl. Compl. ¶39.) This is the only reference to Defendant John Murphy. There are no facts alleged to support this allegation. Although this Court must construe *pro se* pleadings liberally, a *pro se* plaintiff must still allege sufficient facts on which a recognized legal claim may be based; conclusory allegations are insufficient. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, this Court will, *sua sponte*, dismiss the claims

against John Murphy, without prejudice, as a result of the Plaintiff's failure to state a claim against him upon which relief could be granted.

Plaintiff's Motion for Default is without merit since Defendant Susanna Murphy (hereinafter Defendant Murphy) was within her rights to respond to his complaint with a motion. The filing of a motion stays the need to file an answer until the motion is ruled upon. *See* FED. R. CIV. P. 12(a)(4)(A). Defendant Murphy mailed her Motion to Dismiss within the twenty day period proscribed in Rule 12(a)(4)(A). Therefore, Defendant need not file an answer until ten days after this Court ruled on that motion, which the Court is doing now. Defendant Murphy has already filed her answer which renders this motion moot and it will, therefore, be denied as such.

Defendant Susanna Murphy's Motion to Dismiss is equally meritless. Defendant's motion is premised upon Rule 4(m). However, Judge Vazquez granted Plaintiff an enlargement of time to serve process. (*See* Orders of May 23, 1997 and July 28, 1997) Plaintiff completed service within the Court proscribed period. (*See* Return of Service (Docket No. 7), filed September 16, 1997) Therefore, Defendant's motion will be denied.

### MOTION FOR DEFAULT & FOR JUDGMENT ON THE PLEADINGS

Plaintiff filed a Motion for Default Judgment (Docket No. 59-1) against all Defendants in this case on July 13, 1998. The basis for the motion is Plaintiff's claim that all Defendants failed to respond within twenty days of being served. However, Plaintiff is incorrect in asserting that Default is appropriate because all the Defendants—save John Murphy— responded to the Complaint by filing motions. Defendants Garnett E. Twyman and the Henry County Board of Education were properly served on May 22, 1998 and May 20, 1998 respectively. Those Defendants filed a Motion to Dismiss for lack of jurisdiction on June 6, 1998. That Motion, which will be addressed in a separate order, stayed the need for those Defendants to answer the Complaint. *See* FED. R. CIV. PRO. 12(a)(4)(A).

Therefore, Plaintiff's Motion for Default will be denied with regard to Defendants Garnett E. Twyman and the Henry County Board of Education.

Defendants Susanna Murphy, Michael Dorame, Donald Mendonca, Manuel Rodriguez, Dave Sheppard, Robert Saenz, Ronald Geisheimer, Robert Cerny, Pam Miller were all properly served between the dates of June 4 and June 6, 1998. (*See* Returns of Service filed from June 11 to June 15, 1998)(Docket Nos. 43-51).) Defendant Tularosa Municipal Board of Education was served on May 29, 1998. (*See* Docket No. 41.) The above mentioned Defendants, along with Defendants Godfrey Cordova, Reginald Tortilla and Bobby Montoya submitted to this Court a Motion for Summary Judgment (Docket No. 54) on July 24, 1998. The filing of this motion stayed any need for these Defendants to answer Plaintiff's Complaint until such time as this Court ruled on the Motion for Summary Judgment which the court has addressed above. Except for the Tularosa Municipal Board of Education and John Murphy, all of the above named Defendants did respond by filing a motion within twenty days of service thus rendering Plaintiff's motion groundless in regards to those Defendants.

With regard to the Tularosa Municipal Board of Education, the filing of their Motion for Summary Judgment came twenty six days after being served. Under Rule 12(a)(1) a Defendant in a lawsuit has twenty days to answer a complaint. This delay has not harmed the Plaintiff and clearly would not justify a Default Judgment. A finding of default is easily set aside upon a motion. *See* FED R. CIV. PRO. 55(c). Therefore, in the interest of judicial efficiency this Court finds that the Tularosa Municipal Board of Education did respond to the complaint, and while the response was tardy, it was not so to the point that this Court would enter a judgment in default. Likewise, as discussed above, Plaintiff makes no claims against John Murphy upon which relief can be granted, therefore, a default

judgment against him would not be appropriate. Plaintiff's Motion for Default will be denied with regard to the Tularosa Municipal Board of Education and John Murphy, as well.

Finally, included in Plaintiff's Motion was a request for a Judgment on the Pleadings. A judgment on the pleadings is based upon Rule 12(c). However, a Motion for Judgment on the Pleadings is only appropriate after the pleadings in a case have closed. The Pleadings in this case are not completed and, therefore, this Motion is premature and will be denied as such.

**IT IS, THEREFORE, ORDERED** that the claims against John Murphy are **dismissed** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default (Docket No. 9) filed September 16, 1997, is **denied.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Docket No. 14) filed October 17, 1997, is **denied.**

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Default and Judgment on the Pleadings (Docket No. 59-1,2) filed July 13, 1998, is **denied.**

_____
**UNITED STATES DISTRICT JUDGE**