IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

F. MICHAEL CREUSERE,

    Plaintiff,

    vs.                                                       No. CIV 97-0098 LH/DJS

SUSANNA MURPHY, JOHN MURPHY,
GARNETT E. TWYMAN, MICHAEL
DORAME, DONALD MENDONCA,
MANUEL RODRIGUES, GODFREY
CORDOVA, DAVE SHEPPARD,
REGINALD TORTILLA, ROBERT SAINZ,
BOBBY MONTOYA, TULAROSA BOARD
OF EDUCATION, HENRY COUNTY
BOARD OF EDUCATION, ALL
UNNAMED PERSONS, RONALD
GEISHEIMER, ROBERT CERNY, and
PAM MILLER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Twyman and Henry County Board of Education's (Kentucky Defendants) Motion for Summary Judgment (Docket No. 39) filed June 5, 1998, Defendant Susanna Murphy, *et al.*'s (New Mexico Defendants) First Amended Motion for Summary Judgment (Docket No. 61), filed July 23, 1998, the New Mexico Defendants' Motion to Dismiss or in the Alternative to Compel (Docket No. 99), filed February 19, 1999, and the Kentucky Defendants' Motion to Dismiss (Docket No. 102) filed February 19, 1999. The Court, having considered the pleadings submitted by the parties, the applicable law, and otherwise being fully advised, finds the Kentucky Defendants' Motion for Summary Judgment is well taken and will be

**granted**, that the New Mexico Defendant's Motion for Summary Judgment is well taken and will be **granted**, and that the motions to dismiss are **moot** and will be **denied** as such.

### PROCEDURAL HISTORY

Defendants Garnett Twyman and the Henry Board of Education filed a Motion for Summary Judgment predicated upon a lack of personal jurisdiction on June 5, 1998. The New Mexico Defendants filed their Motion for Summary Judgment on July 23, 1998. On June 23, 1998, Plaintiff filed a motion with the Court requesting an extension of one year in which to complete discovery to help defeat that Motion for Summary Judgment. Plaintiff also moved to stay all matters and to extend his time to respond to any pending motions on July 13, 1998. On October 7, 1998, Magistrate Judge Don J. Svet entered an Order denying Plaintiffs various motions to stay this cause and granting Plaintiff an additional forty-five days to complete discovery and an additional sixty days to respond to the Defendants' motions (*See* Order entered October 7, 1998.) On December 2, 1998, Plaintiff moved for another extension of time to complete discovery. Judge Svet granted Plaintiff an additional thirty days to complete discovery and ordered Plaintiff to respond to Defendants' Motion no later than February 2, 1999. (*See* Order entered December 2, 1998.) On February 2, 1999, Plaintiff responded to several motions in this case.[1]

### KENTUCKY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants Garnett Twyman and the Henry County Board of Education move the Court to dismiss them from this lawsuit for lack of jurisdiction. Although they fail to expressly describe the type of jurisdictional defect, it is obvious from their motion and memorandum in support that they allege a lack of personal jurisdiction in this Court. Moreover, while they fail to outline a statement

---

[1] Plaintiff's Response to the Kentucky Defendants' Motion for Summary Judgment, exceeds the local limit for attached exhibits. *See* D.N.M.LR-Civ. 10.5. Plaintiff is cautioned to comply with all of the requirements of local rules lest he be sanctioned for his infractions.

of undisputed material facts, they clearly rely upon the claims stated in the Complaint and the Affidavit of Garnett Twyman, attached as exhibit A, to their memorandum brief filed in support of their motion. Plaintiff does not dispute the allegations he made in his Complaint, nor does he dispute Mr. Twyman's averment that the only contacts *he* had—either on his own or on behalf of the Henry County Board of Education—with New Mexico were several telephone calls he made to persons or entities in the state to confirm Plaintiff's employment history.

Based on these undisputed material facts, it is clear that the Kentucky Defendants' only contact with New Mexico consisted of inquires requesting confirmation of Mr. Cruesere's employment information. (*See* Def. Mot. Summ. J., Ex. A ¶ 7.) These minimal contacts consisted of several phone calls by Mr. Twyman to Tularosa school officials. (*See id*.) He apparently received several faxes in response to his inquiries. Rule 4(k) of the Federal Rules of Civil Procedure requires the Court to apply the New Mexico long arm statute and federal concepts of due process to determine whether this Court can exercise jurisdiction over the persons of these Defendants, even if it has subject mater jurisdiction over the cause. *See* FED. R. CIV. P. 4(k)(1)(A) and 4(k)(2); *see also Allen v. Toshiba Corp.*, 599 F.Supp. 381 (D.N.M. 1984); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154 (5th Cir. 1983).

The New Mexico long arm statute enumerates five acts that are sufficient to create jurisdiction over an individual, only two of which are even remotely relevant to this analysis. The first section of the long-arm statute allows jurisdiction where an individual has transacted business within the State of New Mexico. *See* N.M. STAT. ANN. § 38-1-16(A)(1). The New Mexico Supreme Court has defined "transacted business" as "doing a series of similar acts for the purpose of thereby realizing pecuniary benefit, or otherwise accomplishing an object, or doing a single act for such purpose with the intention of thereby initiating a series of such acts." *Telephonic, Inc. v. Rosenblum*, 88 N.M. 532,

534, 543 P.2d 825, 827 (1975) (citations omitted). This Court will not hold that the Defendants, by attempting to verify information included in an employment application, have "transacted business" within New Mexico. This portion of the statute does not confer personal jurisdiction in this Court over these Defendants.

The second relevant portion of the statute confers personal jurisdiction over anyone who commits a tortious act within the State of New Mexico. *See* N.M. STAT. ANN. § 38-1-16(A)(3). The only allegation of a tortious act by the Kentucky Defendants is Plaintiff's accusation that the Kentucky Defendants entered into a conspiracy with several of the New Mexico Defendants. (*See* Compl. ¶ 39.) All other allegations of wrongdoing by the Kentucky Defendants allegedly took place in Kentucky. (*See generally* Compl.) The New Mexico Supreme Court has noted that mere allegations that a Defendant conspired with someone in New Mexico cannot be the basis for jurisdiction over that person. *See Sanchez v. Church of Scientology*, 857 P. 2d 771, 774 (1993). Thus, even assuming that the alleged conspiracy can be found to have occurred in New Mexico, it is still insufficient for this Court to assert personal jurisdiction over the Defendants. *Id*. Finally, Plaintiff's assertion in his Response that some of the New Mexico Defendants had other contacts with the Kentucky Defendants by faxing allegedly confidential documents to the Kentucky Defendants does nothing to change this analysis. (*See* Resp. at 4; Compl. ¶¶ 34-36) Actions taken by the New Mexico Defendants cannot subject the Kentucky Defendants to this Court's personal jurisdiction.

Moreover, even if the Court had concluded that the New Mexico long-arm statute conferred it with personal jurisdiction over the Defendants, it could not conclude that such jurisdiction would comport with the Constitution's due process requirements. The United States Supreme Court in *Washington v. International Shoe* held that the exercise of personal jurisdiction must not "offend the traditional notions of fair play and substantial justice." 326 U.S. 310 (1945). In the present case,

the Court finds that exercising personal jurisdiction over the Kentucky Defendants would greatly offend the traditional notions of fair play and substantial justice. The Court finds that it would be patently unfair to conclude that a few telephone calls to New Mexico inquiring about the Plaintiff's employment history—without more—would subject these Defendants from Kentucky to the personal jurisdiction of the Court. Therefore, the Court, having found it lacks personal jurisdiction over the Kentucky Defendants, will grant their Motion for Summary Judgment and will dismiss them from this cause of action.

**NEW MEXICO DEFENDANTS' FIRST AMENDED MOTION FOR SUMMARY JUDGMENT**

The New Mexico Defendants argue in their Motion for Summary Judgment that the claims made against them should be dismissed on the doctrines of *res judicata* and collateral estoppel. Several of the named New Mexico Defendants—Susanna Murphy, Michael Dorame, Donald Mendoca, and the Tularosa Municipal School Board—were defendants in a similar suit filed by the Plaintiff in the United States District Court for the Eastern District of Kentucky. (*See* Def. First Amend. Mot. Summ. J. Ex. 1.)[2] Some of the same Kentucy Defendants were named in both lawsuits as well. The claims in the Kentucy lawsuit arose out of the dispute central to these claims, Plaintiff's assertion that these various Defendants violated his constitutional rights by improperly releasing his employment history, impugning his name, and improperly interfering with his employment.

As the New Mexico Defendants note, the doctrine of *res judicata* bars claims which are the same as those in a previous action against the same parties or their privies. *See Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir. 1995). Similarly, a party is collaterally estopped

---

[2] The Court takes judicial notice of the Complaint filed in the United States District Court for the Eastern District of Kentucky and the Orders entered in that cause. Other than the Plaintiff's claims set out in his complaint, the only material facts the Defendants rely on are embodied in the Kentucky Complaint and the Orders of the District Court in the Eastern District of Kentucky. These material facts are undisputed.

from relitigating an issue decided in a previous suit against the same party. *Id*. Thus, these doctrines both serve "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and promoting judicial economy by preventing needless litigation." *Joseph A. v. N.M. Dept. of Human Services*, 28 F.3d 1056, 1058 (10th Cir. 1994) (*quoting Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979).

For a claim to be barred by *res judicata* three elements must be met: "(1) a final judgment on the merits in the prior suit; (2) the prior suit involved identical claims as the claims in the present suit; and (3) the prior suit involved the same parties or their privies." *Satsky v. Paramount Communications, Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993). In contrast, collateral estoppel will bar a claim if four elements are met:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Frandsen*, 46 F.3d at 978 (quoting *United States v. Rogers*, 960 F.2d 1501, 1508 (10th Cir. 1992) (other citations omitted). "Privity may . . . be established if the party to the first suit represented the interests of the party to the second suit." *Lowell Staats Mining Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1280 (10th Cir. 1989).

In this instance, it is clear that the Plaintiff is the same person in both suits. Moreover, many of the New Mexico Defendants[3] are identical as well, and the remaining Defendants in the instant suit are clearly in privity with those Defendants named in the Kentucky Complaint. Susanna Murphy, Michael Dorame, Donald Mendonca, and the Tularosa Municipal School Board were all named in

---

[3] The Court would also note that many of the Kentucky Defendants are the same, however, this is irrelevant given the Court's conclusion that it cannot exercise personal jurisdiction over them.

both suits. (*Compare* Kentucky Compl. Caption and ¶¶ 5, 19, and 20 *to* New Mexico Compl. Caption and ¶¶ 3, 6, 7, and 14.) The other New Mexico Defendants in this suit are all named in relation to their various positions on or relationships with the Tularosa Municipal School Board, a Defendant in the Kentucky suit.[4] (*See* New Mexico Compl. ¶¶ 8-13; 17-19.) Clearly the Tularosa School Board represented the interests of all of these remaining New Mexico Defendants in the Kentucky suit. The interests of these new Tularosa School Defendants were clearly represented by the School Board—they are after all its members or employees—in the prior litigation, therefore, the Court will conclude that the New Mexico Defendants are the same or in privity in both suits. *See Lowell Staats Mining Co.*, 878 F.2d at 1280.

Likewise, the claims made against the New Mexico Defendants in both suits are based upon 42 U.S.C. § 1983 for violations of Plaintiff's rights under the First, Fourth,[5] Fifth, Ninth, and Fourteenth Amendments to the Constitution of the United States and various unspecified state constitutional rights. (*Compare* Kentucky Compl. ¶¶ 43, 48, 50-51, 53, and Causes of Action ¶¶ 2-3 *to* New Mexico Compl. ¶¶ 44-46.) Moreover, the United States District Court for the Eastern District of Kentucky entered a final judgment in the Kentucky cause, dismissing the New Mexico Defendants, having concluded that the Plaintiff failed to state a claim upon which relief can be granted. (*See* Mem. Op. and Order, attached as Ex. 2 to Def. First Amend. Mot. Summ. J.) The

---

[4] The only possible exception to this is Defendant John Murphy, however, he has already been dismissed from this action. (*See* Memorandum Opinion and Order entered May 19, 1999.)

[5] Although it is not clear that Plaintiff specifically sought redress for violations of his Fourth Amendment rights in the Kentucky suit, that claim clearly arises out of the same facts, occurrences, or transactions, and are therefore barred even if not explicitly claimed in the original suit. *See* 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 131.10[3][c] (3d ed. 1999). "A claim, for purposes of claim preclusion, includes not only those matters actually addressed by the prior judgment, but those matters which could have been asserted in the prior litigation." *Id.* (citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979).)

Court finds that the Plaintiff had a full and fair opportunity to litigate his federal claims in the Eastern District of Kentucky and that these claims were considered on their merits. (*See id.*)

Having concluded that these parties in this suit are identical or in privity with those in the Kentucky suit, that the claims are identical or arise from the same facts,[6] and that the Kentucy Court dismissed those claims on their merits, this Court finds that the federal claims made against the New Mexico Defendants in the instant suit are barred by the doctrine of *res judicata*. Moreover, the Court finds that the claims would also be barred by the doctrine of collateral estoppel, as the Plaintiff had a full and fair opportunity to litigate the issue of whether his complaint stated any federal claims upon which relief could be granted. To the extent that the Plaintiff makes state law claims against these New Mexico Defendants, this Court, like the Court in the Eastern District of Kentucky, will decline to exercise its supplemental jurisdiction over them having dismissed all of the federal claims in the suit. (*See id.*) Those state claims, if any, are dismissed without prejudice. This cause will be dismissed in its entirety.

### MOTIONS TO DISMISS

The Court, having granted both the Kentucky Defendants and the New Mexico Defendants' motions for summary judgment, finds Defendants' motions to dismiss are moot and it will deny them as such. The Court will note, however, that although Plaintiff was clearly obstreperous and dilatory with regard to his own deposition, dismissal would be inappropriate as an initial response to his failure to cooperate. Dismissal is a possible sanction, but only after the Court has informed Plaintiff of this danger and has given him an opportunity to comply. Such a caution is unnecessary here, however, as the Court is dismissing this entire cause.

---

[6] *See supra* note 5.

**IT IS, THEREFORE, ORDERED** that the Kentucky Defendants' Motion for Summary Judgment (Docket No. 39) filed June 5, 1998, is **granted**.

**IT IS FURTHER ORDERED** that the Kentucky Defendants are dismissed for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that the New Mexico Defendants' First Amended Motion for Summary Judgment (Docket No. 61), filed July 23, 1998, is **granted**.

**IT IS FURTHER ORDERED** that the federal claims made against the New Mexico Defendants are **dismissed with prejudice** as barred by the doctrines of *res judicata* and collateral estoppel.

**IT IS FURTHER ORDERED** that the state claims made against the New Mexico Defendants are dismissed without prejudice.

**IT IS FURTHER ORDERED** that the New Mexico Defendants' Motion to Dismiss or in the Alternative to Compel (Docket No. 99), filed February 19, 1999, and the Kentucky Defendants' Motion to Dismiss (Docket No. 102) filed February 19, 1999, are **denied as moot**.

**IT IS FINALLY ORDERED** that this cause is dismissed in its entirety.

_____
**UNITED STATES DISTRICT JUDGE**