# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

F. MICHAEL CREUSERE,

    Plaintiff,

    vs.                        No. CIV 97-0098 LH/DJS

SUSANNA MURPHY, JOHN MURPHY,
GARNETT E. TWYMAN, MICHAEL
DORAME, DONALD MENDONCA,
MANUEL RODRIGUES, GODFREY
CORDOVA, DAVE SHEPPARD,
REGINALD TORTILLA, ROBERT SAINZ,
BOBBY MONTOYA, TULAROSA BOARD
OF EDUCATION, HENRY COUNTY
BOARD OF EDUCATION, ALL
UNNAMED PERSONS, RONALD
GEISHEIMER, ROBERT CERNY, and
PAM MILLER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Relief Pursuant to FED R. CIV. P. 59(e) (Docket No. 112) filed June 1, 1999, simultaneously with a Conditional Notice of Appeal (Docket No. 113). When a party files a notice of appeal after filing a Rule 59(e) motion to alter or amend a judgment, the district court retains jurisdiction until it rules on the motion. *See United States v. Jackson*, 950 F.2d 633, 634-35 (10th Cir. 1991) (citing FED. R. APP. P. 4(a)(4)). The Court, having considered the pleadings submitted by the parties, the applicable law, and otherwise being fully advised, finds the Plaintiff's Motion is not well taken and will be **denied**.

Plaintiff's Conditional Notice of Appeal was premature and will be treated as a notice of appeal filed on the date of entry of this Memorandum Opinion and Order. *See Id*. at 636.

Plaintiff argues that this Court improvidently dismissed the New Mexico Defendants from this cause based on a Memorandum Opinion and Order by the Eastern District of Kentucky which is currently on appeal before the Sixth Circuit Court of Appeals. Plaintiff urges this Court to await the judgment of the Sixth Circuit before ruling on the *res judicata* effect of the prior judgment in the Eastern District of Kentucky. The pending appeal does not vitiate the *res judicata* effect of the Kentucky Judgment. *See* 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 131.30[2][c][iii] (noting that when "a judgment has been appealed, its preclusive effect remains unchanged during the pendency of the appeal but may be substantially impacted by the appellate court's disposition of the case"). Therefore, unable to predict the judgment of the Sixth Circuit, the Court remains bound by the Kentucy Judgment and remains incapable of exercising jurisdiction over the New Mexico Defendants at this time.

The Plaintiff's complaints that he did not have sufficient time to complete discovery and should have been permitted to obtain the telephone records of various defendants to substantiate his claims of conspiracy are disingenuous and merely reargue the issues raised in his response to the motions for summary judgment. Plaintiff did not file his response to the motions for more than six months after they were made. In the meantime he filed numerous motions seeking additional discovery—in addition to his request for the defendants' telephone records—all of which were ruled on by Magistrate Judge Svet. Judge Svet granted the Plaintiff 45 days to complete discovery on all of the issues raised by the Defendants in their motions for summary judgment. (*See* Order entered October 7, 1998.) Therefore, as the Plaintiff had sufficient time to complete discovery and merely reargues the issues already ruled on by this Court, his Rule 59(e) motion will be denied. *See Van*

*Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1992) (noting in the 60(b) context that "revisiting . . . issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate") (internal quotations omitted).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Relief Pursuant to FED R. CIV. P. 59(e) (Docket No. 112) filed June 1, 1999, is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Conditional Notice of Appeal (Docket No. 113), shall be treated as if it were filed on the date of entry of this Order. The Clerk is directed to proceed in accordance with the filing of this appeal.

_____
**UNITED STATES DISTRICT JUDGE**